Filed 8/19/24  P. v. Campos CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087573 |
| Plaintiff and Respondent, | (Super. Ct. No. PCF377412) |
| v. | |
| ANDREW CAMPOS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Smith, J. and DeSantos, J.

## INTRODUCTION

In 2019, appellant and defendant Andrew Campos (appellant) was charged with first degree murder. In 2022, he pleaded no contest to voluntary manslaughter. In 2023, he filed a petition for resentencing pursuant to Penal Code[1] section 1172.6. The trial court denied the petition because he was charged and pleaded after the effective dates of the amendments to sections 188 and 189, and he could not have been tried and convicted based upon legal theories that were legally invalid.

On appeal, appellate counsel filed a brief that summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436. Appellant submitted a letter brief and raises several issues. We review the court's ruling, address appellant's contentions, and affirm the denial of his petition.

## PROCEDURAL BACKGROUND

On June 26, 2019, an information was filed in the Superior Court of Tulare County charging appellant with count 1, murder of C.C. on or about and between March 5 and 6, 2019 (§ 187, subd. (a)), with the special allegation that he personally used a deadly and dangerous weapon, a belt, in the commission of the offense (§ 12022, subd. (b)(1)), and a prior prison term enhancement (§ 667.5, subd. (b)).

On June 6, 2022, the trial court granted the prosecution's motion to amend the information, and appellant entered into a negotiated disposition and pleaded no contest to an amended count 1, voluntary manslaughter (§ 192, subd. (a)); and newly-added felony charges of count 2, assault with a deadly weapon (§ 245, subd. (a)(1)); count 3, assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)); and count 4, false

---

[1]     All further statutory citations are to the Penal Code.

imprisonment (§ 236); admitted as to counts 1 and 2, that he personally used a deadly weapon (§ 12022, subd. (b)(1)); and as to count 3, he personally inflicted great bodily injury (§ 12022.7, subd. (b)); for an indicated term of 16 years eight months.

On October 3, 2022, the trial court sentenced appellant consistent with the negotiated disposition to 16 years eight months based on the upper term of 11 years for count 1, plus one year for the deadly weapon enhancement; a consecutive term of one year (one-third the midterm) for count 2, plus four months for the deadly weapon enhancement; a consecutive term of one year (one-third the midterm) for count 3, plus one year eight months for the great bodily injury enhancement; and a consecutive term of eight months (one-third the midterm) for count 4. The court dismissed the prior prison term enhancement.

**Recall and Resentencing**

On November 23, 2022, the Department of Corrections and Rehabilitation (CDCR) advised the trial court of a possible error for the sentence imposed on the deadly weapon enhancement attached to count 2, assault with a deadly weapon, because it was an element of the offense.

On December 23, 2022, the trial court resentenced appellant to 16 years four months, by striking the four-month term previously imposed for the section 12022, subdivision (b) deadly weapon enhancement attached to count 2.

## PETITION FOR RESENTENCING

On November 13, 2023, appellant filed a petition for resentencing pursuant to section 1172.6 and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that (1) he was eligible for resentencing because a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's

3.

participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The trial court appointed counsel.

## The Prosecution's Opposition

On January 19, 2024, the prosecution filed an opposition and argued appellant was not eligible for resentencing because he entered his plea after the amendments to sections 188 and 189 became effective, and he could not have been convicted based on any invalid theories of imputed malice.

## The Trial Court's Hearing

On January 22, 2024, the trial court conducted the hearing on whether appellant's petition stated a prima facie case. According to the minute order, appellant's counsel was present, but appellant was in custody at the CDCR and not present at the hearing.

The trial court noted the prosecution's opposition stated the "natural and probable consequence theory was no longer valid in 2022 when the defendant [pled], making him ineligible for relief pursuant to [section] 1172.6." The court asked appellant's counsel if he wanted to respond. Counsel replied: "I submit to the Court." The court stated, "[B]ased on that, this request is denied for resentencing."

On February 5, 2024, appellant filed a notice of appeal.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant that he could file a supplemental letter brief.

On May 28, 2024, appellant filed a letter brief and raises several issues.

## I. Section 1172.6

We begin with the trial court's determination that appellant was ineligible for resentencing as a matter of law. "Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) [(Senate Bill 1437)]. This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. [Citation.] Senate Bill [1437] also added … section 1170.95, now renumbered as section 1172.6. This created a procedural mechanism for those convicted under the former law to seek retroactive relief." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 295 (*Reyes*).)

"[W]hen a petitioner files a facially sufficient petition, the trial court must appoint counsel to represent the petitioner. The trial court may consider the record of conviction to determine whether the petitioner makes a prima facie showing only after the appointment of counsel and the opportunity for briefing has occurred. [Citation.] At the prima facie hearing, the court must take the petitioner's factual allegations as true. However, if the record contains facts refuting the allegations made in the petition, the court may deny the petition without issuing an order to show cause." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

### *Analysis*

The trial court correctly denied appellant's petition. "[I]n order to be resentenced, the charging document filed against appellant must have allowed the prosecution to proceed under a theory of murder liability that is now invalid. [Citation.] This requirement is not met here. The prosecution filed the information against appellant in [2019]. Thus, when this criminal proceeding was initiated, the prosecution was precluded from proving the murder charge under a theory of imputed malice. This deficiency

5.

amply demonstrates that the trial court did not err when it denied appellant's petition for resentencing." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

Appellant was not tried and convicted under the prior law, but entered his plea in 2022, with the advice and consent of legal counsel, when the now-invalid theories of imputed malice had already been eliminated. Consequently, appellant already received the benefits of Senate Bill 1437. (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.) "[A]ppellant does not qualify for resentencing under section 1172.6. He is not the type of defendant this retroactive procedure was intended to benefit, and any contrary interpretation of this statute would lead to absurd results." (*Id*. at p. 299.)

## II. The Prima Facie Hearing

Appellant argues his due process rights were violated because he was not present at the prima facie hearing.

"A criminal defendant has the right under the state and federal Constitutions to be personally present and represented by counsel at all critical stages of the trial. For purposes of the right to be present, a critical stage is 'one in which a defendant's " 'absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465.)

"Critical stages of a defendant's criminal prosecution include the imposition of sentence, a sentence modification hearing, and resentencing." (*People v. Basler* (2022) 80 Cal.App.5th 46, 57.)

A petitioner has a federal constitutional right to be personally present at an evidentiary hearing held pursuant to section 1172.6 or competently waive his presence. (*People v. Basler*, *supra*, 80 Cal.App.5th at pp. 51, 57–58.) By the time of the evidentiary hearing, the petitioner has "already made out a prima facie case under [section 1172.6], entitling him to an evidentiary hearing at which the court was to

'determine whether to vacate the murder [or] attempted murder … conviction and to recall the sentence and resentence the petitioner on any remaining counts *in the same manner as if the petitioner had not previously been sentenced*, provided that the new sentence, if any, is not greater than the initial sentence.' " (*Id*. at p. 58.) The evidentiary hearing "is 'akin to a plenary sentencing hearing' and thus a 'critical stage' in the criminal process even though it prevents imposition of a sentence greater than that originally imposed." (*Ibid*.)

In contrast to the evidentiary and resentencing hearings, the prima facie determination under section 1172.6 is a question of law and not a critical stage, because the trial court may deny a petition if the petitioner is ineligible for resentencing as a matter of law based on the record of conviction, without making any factual findings. (*People v. Lewis* (2021) 11 Cal.5th 952, 966; *People v. Flores* (2022) 76 Cal.App.5th 974, 991.)

As already explained, appellant was charged and entered his plea after the effective dates of the amendments to sections 188 and 189, and he was ineligible for resentencing as a matter of law since he had already received the benefits of Senate Bill 1437. (*Reyes*, *supra*, 97 Cal.App.5th at pp. 298–299.) Appellant did not have the constitutional right to be personally present at the prima facie hearing and the trial court did not violate his due process rights by ruling in his absence.

### III.  Imposition of Enhancements

Appellant asserts the great bodily injury and deadly weapon enhancements should not have been imposed, and the trial court should have stricken these enhancements at the section 1172.6 hearing. Appellant cannot raise issues arising from his plea, conviction, and sentence in a section 1172.6 petition. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

## IV.  Ineffective Assistance

Appellant argues his counsel at the prima facie hearing was ineffective for submitting the matter and not making any arguments on his behalf.  The record of conviction showed appellant was ineligible for resentencing as a matter of law, and "the decision not to make a meritless request is neither deficient performance nor prejudicial .…" (*People v. Washington* (2017) 15 Cal.App.5th 19, 26.)

Appellant also argues his appointed appellate counsel was ineffective for filing a *Wende* brief in this appeal, and requests his removal.  An appellate counsel does not commit ineffective assistance by filing a *Wende* brief since "the appellate court … review[s] the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)  In *Delgadillo*, the California Supreme Court held that "[w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)  "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues.  [Citations.] …  While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo*, at p. 232.)

In this appeal, appellant responded to this court's *Delgadillo* order and filed a letter brief.  We have addressed the issues raised therein and furthermore exercised our discretion to conduct our own independent review of the record.  There are no arguable

8.

issues, and appellant was ineligible for resentencing as a matter of law. Appellate counsel was not ineffective for failing to raise appellant's purported contentions.

## DISPOSITION

The trial court's order of January 22, 2024, denying appellant's petition for resentencing, is affirmed.